UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MONIQUE B.,[1]

Plaintiff,

Case # 20-CV-587-FPG

v.

DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

## INTRODUCTION

Plaintiff Monique B. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied her application for Supplemental Security Income ("SSI") under Title XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3). Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 10, 14. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and the ALJ's decision is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

In March 2017, Plaintiff applied for SSI with the Social Security Administration ("the SSA"). Tr.[2] 120. She alleged disability since January 2009 due to a right ankle injury and blindness in the left eye. Tr. 54-55. In April 2019, Administrative Law Judge Carl E. Stephan ("the ALJ") issued a decision finding that Plaintiff is not disabled. Tr. 12-22. In March 2020, the

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 8.

Appeals Council denied Plaintiff's request for review. Tr. 1-6. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At Step One, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to Step Two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant

restrictions on the claimant's ability to perform basic work activities. *Id.* § 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to Step Three.

At Step Three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id.* § 416.909, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 416.920(e)-(f).

The ALJ then proceeds to Step Four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. *Id.* § 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 416.960(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 2017, her application date. Tr. 17. At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the cervical and thoracic spine, osteoarthritis of the right ankle, loss of visual acuity and visual field loss in both eyes, and obesity. *Id.* At step three, the ALJ found that these impairments did not meet or medically equal any Listings impairment. *Id.* at 17-18.

Next, the ALJ determined that Plaintiff had the RFC to perform light work with additional limitations. *Id.* at 18-21. At step four, the ALJ found that Plaintiff had no past relevant work. Tr. 21. At step five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. *Id.* at 21-22. The ALJ therefore found that Plaintiff was not disabled. *Id.* at 22.

### II. Analysis[3]

Plaintiff argues that remand is warranted on three grounds: (1) the ALJ relied on his own lay interpretation of the medical evidence to determine Plaintiff's RFC, ECF No. 10-1 at 14-20; (2) the ALJ improperly rejected the opinion of treating physician Tyler Junttila, M.D., *id.* at 20-24; and (3) the ALJ did not properly weigh the opinion of consultative examiner David Brauer,

---

[3] Plaintiff's claim was filed on March 2, 2017. Therefore, the amendment to the regulations that applies to claims filed after March 27, 2017 does not apply to this case. *See Raymond M. v. Commissioner*, No. 5:19-CV-1313 (ATB), 2021 WL 706645, at *4 (N.D.N.Y. Feb. 22, 2021) ("The regulations regarding the evaluation of medical evidence have been amended for claims filed after March 27, 2017, and several of the prior Social Security Rulings, including SSR 96-2p, have been rescinded.").

M.D., *id.* at 24-28. Because this Court agrees that remand is required under Plaintiff's first argument, it does not address Plaintiff's other arguments.

The ALJ found that Plaintiff had the RFC to perform "light work" with the following additional limitations:

> [Plaintiff] can only occasionally climb ramps or stairs; she can only occasionally balance, stoop, kneel, crouch, and crawl; she should never climb ladders or scaffolds; she cannot work at unprotected heights, drive, or operate dangerous machinery; she is unable to perform jobs requiring fine visual acuity, that is she is unable to read small newspaper or book-sized print, or a computer screen and she is unable to determine differences in shape or color of small objects such as screws, nuts or bolts.

Tr. 18. Plaintiff attacks this RFC finding on several fronts. Broadly speaking, the thrust of Plaintiff's arguments is that the ALJ impermissibly relied on his own lay interpretation in crafting the RFC. *Id.* at 16.

A claimant's RFC does not have to "perfectly correspond" with a medical source's opinion; rather, the ALJ is "entitled to weigh all of the evidence available to make an RFC finding that [i]s consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (citation omitted) (summary order). But an ALJ cannot "play doctor" by substituting his own judgment for competent medical opinion, and therefore "an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Dye v. Comm'r of Soc. Sec.*, 351 F. Supp. 3d 386, 391 (W.D.N.Y. 2019); *see also Wilson v. Colvin*, No. 13-CV-6286P, 2015 WL 1003933, at *21 (W.D.N.Y. Mar. 6, 2015) (noting that "an ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence").

Where the administrative record does not contain a medical source opinion about the claimant's functional limitations, an ALJ is generally required to "recontact the treating source,

order a consultative examination, or have a medical expert testify at the hearing" to fully develop the record. *Wilson*, 2015 WL 1003933, at *22; *see also Calhoun v. Comm'r of Soc. Sec.*, No. 18-CV-6070-FPG, 2019 WL 1949743, at *3 (W.D.N.Y. May 2, 2019) (noting that "[t]he ALJ has an affirmative duty to develop the administrative record due to the non-adversarial nature of a benefits proceeding"). But where "the record contains sufficient evidence from which an ALJ can assess the claimant's residual functional capacity, a medical source statement or formal medical opinion is not necessarily required." *Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 8 (2d Cir. 2017) (brackets, quotation mark, and citations omitted) (summary order).

Here, with respect to Plaintiff's postural and exertional limitations, the ALJ considered two medical opinions. The first was the opinion of Dr. Brauer, a consultative examiner. Tr. 20. The ALJ assigned "little weight" to Dr. Brauer's opinion that Plaintiff had "marked" limitations in her ability to stand, walk, climb stairs, squat, kneel, or bend. Tr. 20. In assigning this weight, the ALJ noted that Dr. Brauer's findings on Plaintiff's postural and exertional abilities were "contradicted by [his] own observation that the [Plaintiff] was in no acute distress." *Id.* The ALJ also explained that he found Dr. Brauer's assessment "of little probative value" because of Plaintiff's documented unwillingness to participate "in most of the examination." Tr. 20.

The second opinion the ALJ considered was that of state medical consultant, Gary Ehlert, M.D. The ALJ noted that Dr. Ehlert "somewhat paradoxically" found that Plaintiff had no postural limitations, but also found that Plaintiff was only capable of sedentary work. Tr. 20. The ALJ reasoned that Dr. Ehlert's opinion was worthy of "little weight" because it was "unsupported by the medical record, which demonstrates that claimant does have some loss of range of motion with respect to her spine and ankle (which is suggestive of some postural limitation) but does not demonstrate that claimant is capable of work of light exertion." *Id.* 20-21.

Having assigned little weight to the only medical opinions on Plaintiff's postural and exertional limitations, the ALJ appears to have largely relied on his analysis of Plaintiff's treatment notes and physical therapy records to evaluate Plaintiff's functional abilities. The ALJ found that those records demonstrated, *inter alia*, that (1) "[Plaintiff's] symptoms [had] been stabilized through conservative, and often intermittent, medical treatment"; (2) Plaintiff's spinal impairment symptoms "could be managed with muscle relaxants and physical therapy"; (3) Plaintiff's ankle fusion surgery was "healing nicely"; and (4) Plaintiff's "ankle impairment did not require any further surgery, and was continually managed through medication and injections." Tr. 19-20.

Although it appears that the ALJ implicitly determined that these findings meant Plaintiff could perform light work, he did not provide any explanation in that regard or perform a function-by-function assessment. This was error. *See Hurley*, 2018 WL 1250020, at *3 (remanding in part because the ALJ did not perform a function-by-function assessment or mention the exertional requirements of light work); *see also Cole v. Colvin*, No. 6:14-cv-6677(MAT), 2015 WL 9463200, at *5 (W.D.N.Y. Dec. 28, 2015) (remanding where "the ALJ merely summarized some of the medical evidence in the record but did not discuss how the evidence to which she referred supported her conclusion that Plaintiff can perform a range of medium exertional work").

Without a fuller explanation or function-by-function assessment, it is unclear how the ALJ determined that Plaintiff could perform light work with the exertional and postural limitations discussed above. For example, the fact that Plaintiff was "healing nicely" and managing symptoms through conservative means, such as physical therapy and medications, does not necessarily mean she is capable of light work, which "requires a good deal of walking or standing" or "sitting most of the time." S.S.R. 83-10, 1983 WL 31251, at *5 (S.S.A. Jan. 1, 1983); *see also* 20 C.F.R. § 416.967(b). Absent from the decision is any indication of how the ALJ translated the cited

treatment notes and medical evidence—which are bereft of any discussion of Plaintiff's functionality—into such specific postural and exertional RFC findings. *See, e.g.*, *MaryAnne V. v. Comm'r of Soc. Sec.*, No. 20-CV-412, 2021 WL 3560584, at *3 (W.D.N.Y. Aug. 12, 2021) ("[T]he ALJ must tether [a functional] limitation to competent evidence and must provide a sufficient explanation to ensure meaningful judicial review." (internal quotation marks omitted)).

Under the circumstances discussed above, the ALJ's failure to conduct a function-by-function analysis or otherwise explain his rationale leaves the Court with many unanswered questions and does not afford an adequate basis for meaningful judicial review. Accordingly, the Court finds that the ALJ's RFC assessment lacks substantial evidence and that remand is required. On remand, the ALJ should seek clarification from Dr. Brauer and/or Dr. Ehlert about their respective opinions or obtain a new medical opinion as to Plaintiff's ability to perform work-related activities.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 10, is GRANTED, the Commissioner's motion for judgment on the pleadings, ECF No. 14, is DENIED, and the matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: August 19, 2021
Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York